Hawkins, J.,
delivered the opinion of the Court.
Hutchinson was indicted .in the Circuit Court of Union County, for robbery, at the May Term, 1866. A trial was had, which resulted in a conviction and judgment, by which he was sentenced to imprisonment in the penitentiary, for a term of five years. A motion for a new trial having been made and overruled, he prayed an appeal to this Court, which was granted, and the Sheriff ordered to have the prisoner before the Court. Afterwards, and on the same day, the accused, with his sureties, appeared in Court and entered into their recognizance, to be void upon . condition that the defendant make his personal appearance before the Judge of said Circuit Court, at the Term to be holden on the first Monday after the 4th Monday in September, thereafter.
This was clearly erroneous. The Circuit Court was not authorized to take such recognizance. By section 5249 of the Code, it is. provided, that the Judge or Court granting an appeal or writ of error, in misdemeanor cases, shall direct the Clerk to admit the defendant to bail, for his appearance, at the Circuit Court in which judgment is rendered against him, at the next term after the decision of the cause, by the Su *97 preme Court, but no such provision is made in cases of felonies.
The Circuit Court ought to have required the defendant to -enter into recognizance, for his appearance before this- Court. The Circuit Court has now no jurisdiction over the case. .In the case of Andrews vs. The State, 2 Sneed, 550, this Court said: “In criminal cases of the grade of felony, when the life.or liberty of the accused is in peril, he has the right to be present, and must be present during the trial, and until the final judgment. If he be absent, either in prison, or by escape, there is a want of jurisdiction over his person, to proceed with the trial, or to receive the verdict, or to pronounce the final judgment. This rule, founded in the justice and wisdom of the common law, is, in substance, reiterated in our bill of rights. It is necessary to the full and free exercise of the right of the accused to make his defense, and in case he be legally convicted, that effect may be given on his person, to the judgment of the Court:” citing 2 Hawk., P. C., 619; Coke Lit., 227, b ; Raymond, 193; 2 Hale, 300; 4 Bl. Com., 360; Bacon’s Ab., Verdict B.; 1 Chitty’s Crim. Laws, 636; 4 Hum., 254; Bill of Rights, Art. 1, Sec. 9. It follows, then, in this case, that in the absence of the accused, this Court has no jurisdiction over his person, and any judgment it might pronounce against him, would be absolutely void; and all it can now do, is, to order that a capias issue, etc., to the end that the plaintiff in error be brought before this Court.